IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

TERRENCE POUNCEY          *

    Plaintiff,                  *

        v.                           *       1:11-CV-707-TMH
                                                          (WO)

MAMIE MCCORY,             *

    Defendant.                  *
_____

**ORDER**

The Magistrate Judge has reviewed the answer, written report and supporting evidentiary materials filed by Defendant (*Doc. Nos. 6, 7*) and determined that Plaintiff should file a response addressing ***each of the arguments and defenses contained in this report***. In filing his response, Plaintiff shall specifically address Defendant's argument that he has failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA").[1] *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 n.6 (2001) ("Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative

---

[1] This section provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Defendant asserts that Plaintiff failed to pursue the administrative remedies available to him at the Dothan City Jail with respect to the claims presented in the instant complaint. (*Doc. No. 6 at pgs. 10, 13-14*.) Specifically, Defendant states that the Dothan City Jail provides administrative remedies to persons confined in the facility by way of a grievance procedure and that Plaintiff has failed to exhaust these available remedies. (*Id.*)

remedies."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2387 (2006) ("[T]he PLRA exhaustion requirement requires proper exhaustion."). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 2386.

     Accordingly, it is

     ORDERED that on or before **November 14, 2011** Plaintiff shall file a response to Defendant's written report.  **If Plaintiff fails to file a response as required by this order, the court will treat this failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action.  Moreover, Plaintiff is specifically cautioned that if he fails to file a response in compliance with the directives of this order the undersigned will recommend that this case be dismissed for such failure.  In addition, if Plaintiff fails to respond to the written report with respect to**

**each of the claims raised in his complaint, the court will treat this failure as an abandonment of these claims and shall proceed as justice requires.**

As indicated herein, at some time in the future the court may treat Defendant's report and Plaintiff's response(s) as a dispositive motion and response.[2] Thus, in filing a response to Defendant's report Plaintiff should not rely only on his or her unsworn pleadings but should respond by filing sworn affidavits,[3] or other evidentiary materials developed through discovery or other appropriate means and which set forth specific facts demonstrating there is a genuine issue of material fact for trial in this case. Failure to file sworn affidavits or other evidentiary materials may result in this court accepting Defendant's evidence as the truth.[4] If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits or served with them.

The parties are hereby notified that, <u>unless within ten (10) days from the date of this order a party files a response in opposition which presents sufficient legal cause why such action should not be undertaken</u>, upon the expiration of the time for Plaintiff to file a

---

[2] Thus, in preparing a response to the special report filed by Defendant Plaintiff should refer to the requirements of Rule 56, <u>Federal Rules of Civil Procedure</u>.

[3] An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

[4] If Plaintiff is unable to present, by affidavit, facts essential to justify his opposition to Defendant's report, then Plaintiff must file a sworn statement as to why he or she is unable to do so.

response as allowed by this order, the court may at any time thereafter and <u>without further notice to the parties</u> (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law.

Failure to follow the requirements of this order about the proper way to respond to Defendant's report may result in a recommendation of the Magistrate Judge that final judgment be entered in favor of Defendant without there being an evidentiary hearing. *Plaintiff is advised that if he asserts compliance with the city jail's grievance procedures he must submit relevant evidentiary materials in support of this assertion showing that he complied with each step of the grievance procedure. His mere conclusory allegation of exhaustion will be insufficient to defeat Defendant's argument*.

Done, this 24th day of October 2011.

      /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE